STATE OF IOWA, Appellee, v. G. E. KNIGHT, Appellant.

TRIAL: Instructions—Form, Requisites, and Sufficiency—Correct
1  but Inexplicit. Instructions which fairly and correctly cover a subject matter are sufficient, in the absence of a request for a more explicit instruction. So held as to the impeachment of a prosecutrix by contradictory statements.

EVIDENCE: Relevancy, Competency, and Materiality—Observa-
2  tions of a Party. The "observations" of a party on a material matter in issue are proper.

TRIAL: Reception of Evidence—Non-Competent Opinions—Waiver.
3  An answer in the nature of a non-competent opinion or conclusion, given to a proper question which called only for the observations of the witness, must be met by a motion to strike.

**WITNESSES:** Cross-Examination—Allowable Limits. Matters not touched upon by the direct examination are not properly the subject of cross-examination.

**APPEAL AND ERROR:** Harmless Error—Erroneous Exclusion of Question Which Does Not Reveal ·Expected Answer. The erroneous exclusion of a question, without some fair showing that the answer, if permitted, would have been materially helpful to the one asking, is harmless. The court will not speculate as to possibilities, and thus presume· prejudice.

**WITNESSES:** Examination—Excluding Repetitions. The court may very properly exclude a witness on "surrebuttal," when called for no other purpose than to repeat that to which he has already testified.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

JANUARY 15, 1918.

DEFENDANT was indicted on the charge of incest, tried to· a jury, and convicted. From the judgment of conviction, he appeals.—*Affirmed.*

*J. D. Laws,* for appellant.

*H. M. Havner,* Attorney General, *F. C. Davidson,* Assistant Attorney General, and *Ward C. Henry,* County Attorney, for appellee.

GAYNOR, J.—Defendant was charged with the crime of incest committed upon his stepdaughter, Marie Knight, a child of twelve years of age. Defendant entered a plea of not guilty, was tried to a jury, and convicted, and from this conviction appeals.

For reversal, the defendant relies upon three propositions:

1. That the evidence is wholly insufficient to support the verdict.

2. That the court failed to instruct the jury upon all material questions of law involved in the case.

3.   That the court erred in its rulings upon evidence.

We will consider these propositions in the order presented by defendant.

Upon the first proposition, we have to say that the relationship of the defendant to the girl is established beyond all question.   That he had the intercourse charged is proven by the testimony of the girl herself, supplemented by strong supporting circumstances, which leave no doubt of the commission of the act charged.   Her story is direct, simple, and childlike, and shows beyond question that, on three distinct occasions, he committed the act charged upon the body of the girl.   The girl was examined soon after the last alleged act of intercourse, and was found to be in a physical condition which follows as the natural consequence of such relationship.   Without setting out the testimony, we have to say that we have read it carefully, not once, but several times, and are satisfied that the evidence is entirely sufficient to support the verdict.

1. TRIAL: instructions: form, requisites, and sufficiency: correct but inexplicit.

On the second proposition, we have to say that, on the trial of the case, witnesses were called who stated that the child had made statements to the effect that the defendant had never had intercourse with her; that she was induced by her mother to tell the story which she told.   The court, in its instructions to the jury, failed to call attention to this fact, and it is claimed that in this lies error—that the court should have submitted to the jury the question as to whether or not she had been impeached, and if impeached, should have told them that that fact should be considered in determining the weight to be given to her testimony.   The court said to the jury, in its instructions, that the defendant could be convicted upon the testimony of the prosecuting witness alone, if the jury believed she spoke the truth, and was satisfied beyond a reasonable doubt from her evidence that the crime charged

was in fact committed by the defendant, and said to the jury:

"The defendant can be convicted upon the testimony of the prosecuting witness, Marie Knight, alone, if you believe beyond a reasonable doubt that the said Marie Knight has told the truth. If, however, you should find from the evidence that you have a reasonable doubt as to whether or not she told the truth, or that she was influenced or induced to make the charge against the defendant by her mother, Mrs. Melva Knight, under threats to punish her or to send her to the reform school, and that said charge was in fact falsely and fraudulently made by the said Marie Knight, then you should find the defendant not guilty; * * * if you believe from the evidence that any witness before testifying in this case has made any statements concerning any of the material matters materially different and at variance with what he or she has stated on the witness stand at this trial, then you are instructed that you should consider such fact in determining the weight and credit which ought to be given to such testimony."

The court told the jury, also, that they should consider all matters testified to, fairly tending to show the weight and credibility that should be given to each witness before them.

In the absence of any request, the instructions fully covered the matter of the claimed impeachment of the child prosecutrix.

2. EVIDENCE: relevancy, competency, and materiality: obserations of a party.

It appears that, within a short time after the last act of intercourse testified to by the child took place, she was taken to a doctor for an examination. The mother was present at that examination. She said it was on the same day that the girl told her of the conduct of the defendant. She said that, while in the doctor's office,

and while the child was being examined by the doctor, she observed the condition of her parts. She said:

"I could tell from the examination that there was something out of the ordinary in their appearance. (Objected to on the ground that it called for expert testimony, was immaterial, leading and suggestive. Overruled, and defendant excepts.) A. Yes, if there wasn't anything like that, there wouldn't be a discharge from a child."

This answer was stricken out on motion of defendant. She was then asked this question:

"As a result of that examination,—that is, what you saw there,—what, if anything, out of the ordinary, did you observe in their appearance?" Objected to, overruled, and she answered: "I would say from appearances,—I had examined her before and know what the child is,—I know there wouldn't be a discharge if there wasn't some irritation. I observed the discharge that day."

No motion was made to strike out this answer. The question was a proper question to be propounded to this witness. It did not call for an opinion, but for what she observed. See *Reininghaus v. Merchant's Life Assn.*, 116 Iowa, 364, 367. In this case it is said:

"Many mental and physical conditions manifest themselves with practical certainty to the eye and mind of the ordinary observer, who cannot describe in apt terms the facts upon which his conclusions are based, but it does not necessarily follow that the conclusion is inadmissible as evidence."

3. TRIAL: reception of evidence: noncompetent opinions: waiver.

The answer may have partaken of the nature of a conclusion, or an opinion such as the witness was not qualified to give, but no objection was urged to the answer. The question called for what she observed in connection with the private parts of the girl. It was competent for her to state what she observed. The objection,

therefore, to the question was properly overruled. Whatever there may be in the answer which is improper, the defendant cannot take advantage of it now, for the reason that he made no motion to strike out the answer. On the motion of defendant, a previous question, involving substantially the same fact as involved in this answer, was stricken out on motion. The court, following the ruling on the previous motion, would have sustained a motion to strike out the objectionable parts of this answer, if such motion had been made; but, failing to make a motion to strike, defendant waived the objectionable matter in the answer.

4. WITNESSES: cross-examination: allowable limits.

On this point, it is next contended that the court erred in refusing to allow this witness to answer this question on cross-examination:

"What do you know, if anything, of Marie fingering her private parts?"

On cross-examination, the defendant was permitted to show by the mother that she had placed turpentine on the private parts of her girls. No question was asked on direct examination touching this matter. The question above was asked later in the cross-examination.

We think the ruling of the court was right, if for no other reason than that it was not cross-examination of the witness. This matter had not been touched upon in the direct examination.

5. APPEAL AND ERROR: harmless error: erroneous exclusion of question which does not reveal expected answer.

It is next contended on this point that the court erred in not permitting the defendant, when on the witness stand, to answer this question: "What do you know, if anything, of Marie Knight fingering her private parts?" The question was asked the defendant, "What do you know, if anything, touching the matter?" The State objected, as incompetent, irrel-

evant, and immaterial. The defendant replied that it was gone into with both the mother and the daughter, and that they emphatically denied everything of the kind except the use of turpentine. There is nothing to show what the answer of this witness would have been, if permitted. There is nothing in his relationship with the girl which would suggest that his answer would have been favorable to the defendant. He denied all relationship with the girl, she was not his daughter, there was nothing to indicate that he did in fact know anything about the matter concerning which he was interrogated. So far as this record shows, he might have answered, "I know nothing about the matter." Without some showing in the record, or suggestion in the record, as to what the answer would be, or that a refusal to permit the answer to the question worked prejudice to the defendant, or might have worked prejudice to the defendant, we cannot interfere with the action of the court. There is no showing in the record that he had any familiarity with the private parts of the prosecutrix, except such showing as is involved in the criminal act with which he is charged; and we cannot assume prejudice, in the absence of something in the record indicating prejudice.

It is next contended that the court erred in not allowing the defendant to examine a witness "in surrebuttal."

6. WITNESSES: examination: excluding repetitions.

It appears that an order was made by the court, in the beginning of the trial, that all witnesses be excluded from the court room. This witness was so informed. He had been on the witness stand before, and had testified, and then, at the conclusion of plaintiff's testimony, was called in what is called "surrebuttal." When the witness was called, objection was made to his testifying, on the ground that he had disobeyed the order of the court and remained in the court room during the examination of witnesses in the case. It was urged that it was without the

knowledge of the defendant and his counsel. The court then said to counsel for defendant: "What is the nature of the testimony you want from this witness?" Counsel replied: "It is testimony contradicting the testimony that the girls were at the entrance of the booth at Riverview Park." The court replied: "I think this witness gave very complete testimony with reference to the Riverview Park transaction when he was on the stand." An examination of the record shows that the conclusion of the court is right. Counsel replied: "That is true, but the question was not asked if Flossie was there." We think the record contradicts counsel in this. Counsel proceeds further: "I want further to introduce him as a witness to the conversations which took place up on Fifteenth Street." It was urged that this testimony had been gone into in full when the witness was on the stand before. This, an examination of the record shows is true. The witness had been very fully interrogated as to both propositions. The court did not refuse the witness for the reason that he had remained in the court room, but on the ground, as we take it, that the defendant could not be permitted to call in surrebuttal a witness to testify to facts concerning which he had testified when on the stand before, because they were subsequently denied by the State's witnesses. His testimony is in the record upon these points, and the court did not err in not further consuming its time with a repetition of the matter.

These seem to be the only errors complained of, and we find no ground for interfering with the action of the court upon the complaints made, and the cause is—*Affirmed.*

PRESTON, C. J., EVANS and STEVENS, JJ., concur.